UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDI BUHL                                                    PLAINTIFF

v.                          No. 5:19-CV-05154

R. JEFFREY REYNERSON, P.A.                         DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant's renewed motion (Doc. 20) to compel and brief (Doc. 21) in support. Plaintiff filed a response (Doc. 22) and brief (Doc. 23) in opposition. The motion will be denied.

Defendant has attached as exhibits to its motion the discovery requests that Defendant argues Plaintiff must be compelled to answer. Plaintiff declined to substantively respond to Defendant's Interrogatories No. 3, 4, 8, and 9; to produce some documents in response to Defendant's Request for Production No. 2; to produce any documents in response to Defendant's Request for Production No. 3; or to admit or deny Defendant's Requests for Admission No. 1, 2, 5, 6, 7, and 8. Defendant moves to compel responses to those discovery requests that are relevant to whether Plaintiff is an unsophisticated consumer:

> Defendant is entitled to full and complete responses to the discovery because each request relates to the plaintiff's state of knowledge and understanding when she received the correspondence at issue in this case. In addition, the complaint refers to unsophisticated consumer standard and, thereby, infers plaintiff is attempting to meet that standard. . . . The responses and documents requested go directly to that issue.

(Doc. 21, p. 2) (citation omitted). Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff opposes the motion to compel, arguing Defendant's discovery requests seek irrelevant material or are not proportional to the needs of the case. Plaintiff's

opposition also encompasses discovery requests that were unanswered and that are clearly unrelated to Plaintiff's state of mind.

This is a Fair Debt Collection Practices Act case. Plaintiff alleges that Defendant sent Plaintiff a letter on March 14, 2019; that sending that letter violated the FDCPA because the letter failed to meaningfully convey the amount of debt purportedly owed, in violation of 15 U.S.C. § 1692g(a)(1); and that because the letter failed to state the amount of the debt, it was a false, deceptive, or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e. Plaintiff alleges that in response to Defendant's letter, she sent a dispute letter to Defendant on April 10, 2019, and that Defendant thereafter violated 15 U.S.C. § 1692g(b) by failing to cease its collection attempts until obtaining verification of the debt and mailing it to Plaintiff. Defendant's answer generally pleads "all defenses set forth in the [FDCPA], including all safe harbor provisions and exceptions" and that any failure to send verification of the debt was "a bona fide error." (Doc. 19, pp. 6, 7).

With respect to the issue of relevance, and based on the briefing on this motion and the claims and defenses in the pleadings, none of the requests as propounded appear "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Defendant has admitted in its answer that Plaintiff is a "consumer," as defined in 15 U.S.C. § 1692a(3). (Doc. 18, p. 3, ¶ 11; Doc. 19, p. 2, ¶ 11). Defendant's argument that its requests are directed to relevant material misstates the "unsophisticated consumer" test. Though Defendant argues Plaintiff's actual level of knowledge and state of mind are a necessary component of the unsophisticated test, the test instead requires the Court to determine how collection messages would be viewed by a consumer who may be "uninformed, naïve, and trusting, but [who] has a

rudimentary knowledge of the financial world and is capable of making basic logical deductions and inferences." (Doc. 21, p. 6) (quoting *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009)). The unsophisticated consumer test is "designed to protect consumers of below average sophistication or intelligence" while also protecting debt collectors from unreasonable interpretations of their collection notices. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer test does not consider the actual state of mind of a consumer who receives a collection message from a debt collector to determine whether or not that particular consumer is unsophisticated, but instead "describe[s] the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (explaining that the "unsophisticated consumer" test is a more accurate description of the "least sophisticated consumer" test as limited by the element of reasonable interpretation in *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

At heart, this test embraces "the norms that courts have traditionally applied in consumer protection law." *Clomon*, 988 F.2d at 1318.

> The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

*Id.* (quoting *FTC v. Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)). The "reasonable debtor" whose state of mind was called "relevant" by the court in *Wahl* is not the actual debtor, but a legal fiction similar to the reasonable person whose conduct defines the standard of care in a common law negligence action. *See Wahl*, 556 F.3d at 646 ("[T]he state of mind of the reasonable debtor is *always* relevant. The upshot? Wahl can't win simply by showing that Midland's use of the term

3

'principal balance' is false in a technical sense; she has to show that it would mislead the unsophisticated consumer." (emphasis in original)). The unsophisticated consumer test does not require a factfinder to consider Plaintiff's state of mind upon receipt of the allegedly unlawful communication. Defendant's requests seek irrelevant material, and the motion to compel responses to requests for material that would reveal Plaintiff's own level of knowledge and understanding will be denied.

The subject of Interrogatory No. 8, the identity of all of Plaintiff's adult family members living in Benton, Madison, and Washington Counties, Arkansas, is unrelated to Defendant's justification for these discovery requests, and furthermore is entirely irrelevant to the claims and defenses at issue in this case. As Plaintiff suggests, if Defendant is concerned about empaneling an impartial jury, the issue can be taken up in voir dire. The motion to compel a response to Interrogatory No. 8 will be denied.

Request for Admission No. 8 asks Plaintiff to admit that certain exhibits contain particular statements. Those exhibits do not appear to be in the record. It is possible that the contents of those exhibits will be relevant to Plaintiff's claims or Defendant's defenses. Nevertheless, whether or not exhibits contain particular statements may in most cases be determined by looking to the exhibits themselves, so to the extent this discovery material would be relevant, requiring an admission from Plaintiff that a document says what it says does not appear to be proportional to the needs of the lawsuit. The motion to compel a response to Request for Admission No. 8 will be denied.

To the extent that some amount of material responsive to Defendant's broadly-drafted requests might have been relevant under Rule 26 and is not adequately addressed above, Plaintiff has shown that Defendant's outstanding requests are not proportional to the needs of this

discovery. Defendant attempts to place the entire burden on Plaintiff to produce the evidence that would show her state of mind and what she understood Defendant's letter to mean. If Defendant believed (despite clear law to the contrary) that Plaintiff's state of mind or level of knowledge was information relevant to the question of whether Defendant violated the FDCPA, and that particular materials sent to Plaintiff would reveal her state of mind or level of knowledge, Defendant could just as easily have identified those materials that it or its predecessors sent to Plaintiff, and request that she admit or deny receipt of those materials. Considering that the maximum amount Plaintiff stands to recover in damages is $1,000 in statutory damages, a more narrowly-tailored discovery request might arguably be proportional to the needs of this lawsuit. As it stands, because the materials requested are irrelevant and the requests seek in part to place a burden on Plaintiff to produce information Defendant should already have, the discovery requests are not proportional to the needs of this case.

Defendant's requests sought material that under settled law was clearly irrelevant to the claims and defenses, and not proportional to the needs of this case. Defendant filed a motion to compel responses to those requests, and the motion is being denied. Plaintiff requests that Defendant and its counsel be required to pay Plaintiff's "reasonable expenses incurred in opposing the motion, including attorney's fees," as is sometimes mandated by Rule 37(a)(5)(B). Plaintiff may submit a motion for a particular award of expenses within 7 days of the entry of this order. Any response from Defendant arguing that its motion was substantially justified or that other circumstances make an award of expenses unjust, or that Plaintiff's requested expenses are not reasonable, must be filed within 7 days after Plaintiff's motion. If the parties believe they can resolve between themselves the matter of reasonable expenses without the need for additional litigation and expense, they are encouraged to confer and do so. Should the parties reach an

agreement regarding these expenses, they are directed to inform the Court by email to pkhinfo@arwd.uscourts.gov.

      IT IS THEREFORE ORDERED that Defendant's motion to compel (Doc. 20) is DENIED.

      IT IS SO ORDERED this 8th day of July, 2020.

                                                /s/ P. K. Holmes, III
                                                P.K. HOLMES, III
                                                U.S. DISTRICT JUDGE