UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDI BUHL                                                                                              PLAINTIFF

v.                                        No. 5:19-CV-05154

R. JEFFREY REYNERSON                                                                       DEFENDANT

### OPINION AND ORDER

On July 8, 2020, the Court denied (Doc. 30) Defendant's renewed motion to compel (Doc. 20) and directed Plaintiff to submit a motion for fees and costs incurred in opposing the motion to compel. Defendant was given seven days to respond. Plaintiff thereafter filed a timely motion (Doc. 32) for fees and costs to which Defendant responded (Doc. 33) in opposition.

Plaintiff seeks $3,685 in attorney's fees incurred in defending both motions to compel. Plaintiff represents that her counsel expended 14.3 hours of time defending the motions, at a billable rate of $250 per hour for Amorette Rinkleib and $300 per hour for Russell S. Thompson, IV. Ms. Rinkleib expended 12 hours opposing the motions and Mr. Thompson expended 2.3 hours opposing the motions. Plaintiff further seeks $850 in attorney's fees incurred in preparing the instant motion for fees, for which Ms. Rinkleib expended 3.4 hours at her respective rate. In total, Plaintiff seeks $4,535 in attorney's fees.

In denying a motion to compel, the Court must award a party its reasonable expenses incurred in opposing the motion unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Defendant's motion to compel sought information which it alleges bore upon Plaintiff's state of mind. Defendant argued information concerning Plaintiff's state of mind is relevant to the unsophisticated consumer analysis. *See* Doc. 21, p. 2 ("As set forth above, there is necessarily an

1

element of reasonableness in the unsophisticated consumer standard. Therefore, plaintiff's state of knowledge and understanding when she received the correspondence at issue in this litigation is relevant."); *see also* Doc. 20-3, p. 1.  This argument is contrary to clearly established precedent. *See* Doc. 30.  Defendant's motion to compel premised on information concerning Plaintiff's state of mind was not substantially justified.

In its response to the instant motion for fees, Defendant contends its discovery requests were relevant to Plaintiff's claim for actual damages.  This is the first time Defendant raises this argument.  Defendant prosecuted its motion to compel on the basis that the information it sought was relevant to Plaintiff's state of mind.  Because Defendant did not raise this argument in its motion to compel (or in its correspondence to opposing counsel preceding the motion to compel), the Court cannot find the motion to compel was substantially justified on that basis.  In the absence of compelling circumstances that would make awarding Plaintiff her expenses unjust, the Court will award to Plaintiff her attorney's fees incurred in opposing the motion pursuant to Rule 37.

Plaintiff seeks $4,535 in attorney's fees incurred in opposing Defendant's motions to compel.  The requested hourly rates of $300 for Mr. Thompson and $250 for Ms. Rinkleib are reasonable and consistent with other FDCPA actions in this Court. *See Reygadas v. DNF Assocs., LLC*, 2:18-cv-02184, 2019 WL 7116357, at *5 (W.D. Ark. Dec. 23, 2019 (finding $300 hourly rate reasonable).  However, Plaintiff's contention she is entitled to recover fees for 17.7 hours worked is unreasonable.  The second response Plaintiff filed was substantively identical to the original response.  Though some additional work would be necessary in preparing the second response (such as reviewing the renewed motion to compel for any changes from the original motion to compel, and proofreading a response), it appears no additional substantive motion practice was necessary.  The Court will therefore reduce the 3.9 hours counsel expended on the

second response to 1 hour, to be assessed at Ms. Rinkleib's hourly rate of $250. Based on the itemized records attached to the motion for fees, Plaintiff expended 10.2 hours preparing and drafting the first response (8.8 hours by Ms. Rinkleib and 1.4 hours by Mr. Thompson). Between both responses, Plaintiff expended 11.2 total hours opposing Defendant's motion to compel, which the Court finds reasonable. The Court will not award fees that were incurred in drafting and filing the instant motion, however. Rule 37 permits an award of fees incurred in opposing the motion to compel. Fed. R. Civ. P. 37(a)(5)(B). The instant motion addresses only the appropriateness of attorney's fees.

Having found Defendant's motion to compel was not substantially justified, the Court will award to Plaintiff attorney's fees in the amount of $2,870 for 11.2 hours incurred in opposing the motion to compel, which reflects 9.8 hours worked at Ms. Rinkleib's hourly rate of $250, and 1.4 hours worked at Mr. Thompson's hourly rate of $300.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 32) is GRANTED IN PART.

IT IS FURTHER ORDERED that Defendant and his attorney David Littleton are jointly and severally liable for $2,870, which represents Plaintiff's attorney's fees incurred in opposing the motion to compel.

IT IS SO ORDERED this 5th day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE